# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:20-cr-77-Oc-28PRL

HOWARD D. FARLEY, JR.

## ORDER

This matter is before the Court on Defendant Howard D. Farley, Jr.'s Motion to Revoke Order of Detention (Doc. 26), which seeks revocation of the magistrate judge's Order of Detention Pending Trial (Doc. 22). The Government opposes the motion. (Doc. 35). For the following reasons, the motion is denied.

When the government or the court is concerned that there is a serious risk that a defendant will flee before trial, 18 U.S.C. § 3142 instructs that a judicial officer—in this case the magistrate judge—must conduct "a hearing to determine whether any condition or combination of conditions set forth in [this statute section] will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(f). The burden is on the government to show by a preponderance of the evidence that no conditions of release will overcome the risk of flight and detention is thus necessary. United States v. King, 849 F.2d

485, 490 (11th Cir. 1988). The government may make this showing by way of proffer. United States v. Hong Vo, 978 F. Supp. 2d 41, 42 (D.D.C. 2013) (citing United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir.1996)).

Factors the judge must consider in making the determination include (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)–(4).

"If a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the order." 18 U.S.C. § 3145(b). Upon receipt of such a motion, the district court must "conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." King, 849 F.2d at 490. This *de novo* review involves the court doing one of two things. Id. One, after "a careful review of the pleadings and the evidence developed at the magistrate's detention hearing," the court may explicitly adopt the magistrate judge's order if the court finds that the judge's factual findings are supported and legal conclusions are correct. Id. Two, after reviewing the motion, the court may conduct a hearing if it "determines that additional evidence is necessary or that factual issues remain unresolved." Id. In the second instance, the "court

must enter written factual findings and written reasons supporting its decision." Id.

The Government proffered that an indictment was returned in 1985 against Farley, among others, for charges related to drug trafficking. Farley fled prior to being arrested and for the next 35 years eluded numerous searches by law enforcement officers. (Doc. 26-1 at 46-48). In his motion, Farley argues he is an elderly man with health issues who has not committed any crime for the past 35 years and stands accused only of falsifying a passport application.[1] (Doc. 26 at 6-7). He argues he has ties to his community and can be released to his wife's custody. Accordingly, he insists, he poses no risk of flight, his presence can be "reasonably assured," and his order of detention should be revoked. (Doc. 26 at 21).

Farley ignores or downplays his flight from an indictment 35 years ago and his activity since. That activity included taking on a fake identity; falsifying passport applications in 1998, 2008, and 2020; falsifying a driver's license application; falsifying social security information; and falsifying a pilot license application. (Doc. 26-1 at 10–14;16, 17, 37, 82-83). And when being interviewed

---

[1] Since the filing of his motion, the Grand Jury returned an indictment charging Farley with Passport Fraud, Use of a Means of Identification without Lawful Authority, Social Security Fraud, Possession of a Firearm and Ammunition by a Convicted Felon, and Operating as an Airman without Legitimate Airman Certification. (Doc. 30).

upon his arrest in this case, Farley told law enforcement officers that his name was Timothy Brown. But fingerprints taken that day confirmed that he was indeed Howard D. Farley. (Doc. 26-1 at 24–25).

Farley argues that because he provided his actual address on the passport application, he was not concealing his location. (Doc. 26 at 18). The Court finds this argument disingenuous. The agents were indeed able to find "Timothy Brown" as the person who falsified his passport application. But the agents could not have found Howard Farley, fugitive from Nebraska, by looking at an address for Timothy Brown. Posing as Timothy Brown, when he was actually Howard Farley, was in fact, concealing his location from authorities. As one court observed: "[W]hat is past is prologue and there can be no better evidence bearing on whether the defendant will appear . . . . To disregard that history and to focus only on whether the defendant will or will not leave the jurisdiction is to disregard the most useful information available." United States v. Battle, 59 F. Supp. 2d 17, 20 (D.D.C. 1999) (citing United States v. Robinson, 27 F. Supp. 2d 1116 (S.D. Ind. 1998)).

As the magistrate judge found here, Farley was indicted on federal charges many years ago, fled, and was able to remain in hiding for roughly 35 years using someone else's identity despite continued efforts to arrest him. (Doc. 22 at 3; Doc. 25 at 63). And he was sophisticated enough to use that identity to obtain other documents, such as a passport that he used to travel

4

internationally, a driver's license, and a pilot's license. (Doc. 25 at 64). In other words, Farley did not just flee and remain hidden away but instead had the foresight, resources, and determination to start a new life and live in the open while evading capture for decades. Nothing in the record indicates that Farley is incapable of doing so again. And no condition or combination of conditions could overcome this serious risk. The ties to his community are as resident Timothy Brown and not Howard Farley. Furthermore, since Farley's arrest, his wife Duc Hanh Thi Vu, offered as a third-party custodian, has also been indicted. (Doc. 30).

I have carefully reviewed Farley's motion (Doc. 26), the Government's response (Doc. 35), the hearing transcript (Doc. 26-1), the Complaint (Doc. 1), the Indictment (Doc. 30), and the Order of Detention (Doc. 22) and find that the magistrate judge's factual findings are supported and his legal conclusions are correct. No additional evidence is needed, nor do any factual issues remain unresolved. No evidentiary hearing is required.

Defendant's Motion to Revoke Order of Detention (Doc. 26) is **DENIED**.

This Court adopts the Magistrate Judge's Order of Detention. (Doc. 22).

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant